[Cite as *Red Foot Racing Stables v. Polhamus*, 2020-Ohio-592.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Red Foot Racing Stables et al.,     :

    Plaintiffs-Appellants,     :         No. 19AP-390
          (C.P.C. No. 18CV-10014)

v.     :

        (REGULAR CALENDAR)

Mike Polhamus, Sr.,     :

    Defendant-Appellee.     :

D E C I S I O N

Rendered on February 20, 2020

**On brief:** *Raymond L. Eichenberger*, pro se. **Argued:** *Raymond L. Eichenberger.*

**On brief:** *Graff & McGovern, LPA, Brandon M. Smith,* and *John A. Izzo*, for appellee. **Argued:** *Luther Liggett.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiffs-appellants, Red Foot Racing Stables and Raymond Eichenberger, appeal from a judgment of the Franklin County Court of Common Pleas dismissing their complaint against defendant-appellee, Mike Polhamus, Sr. For the following reasons, we dismiss this appeal in part, reverse the trial court's judgment in part, and remand for further proceedings.

## I. Facts and Procedural History

{¶ 2} On December 3, 2018, Red Foot Racing Stables and Eichenberger filed a complaint against Polhamus, asserting negligence and breach of contract claims arising from their retention of Polhamus to train three of their standardbred racehorses. The complaint states that Red Foot Racing Stables is an "entity" that is "duly recognized by" the

United States Trotting Association as "a horse owner." (Compl. at ¶ 1.) The complaint further states that Eichenberger "is the of record owner of Red Foot Racing Stables, as the sole member of the stable." (Compl. at ¶ 2.) The complaint also alleges that they own the three horses at issue, and that they contracted with Polhamus to train, stable, and otherwise care for these horses. It is further alleged that Polhamus failed to properly train the horses and engaged in other misconduct relating to his duties and obligations as to the horses. Simultaneously with filing the complaint, appellants filed a motion for emergency custody and possession of two of their horses, which they argued were wrongfully still in Polhamus' care and control.

{¶ 3} On December 20, 2018, the trial court held a hearing on appellants' motion for emergency custody and possession of certain horses in Polhamus' possession, which the trial court construed as a request for a temporary restraining order. After holding the hearing on appellants' motion and balancing the applicable factors, the trial court denied the motion based on its conclusion that appellants failed to meet their burden.

{¶ 4} On December 28, 2018, Polhamus filed a motion to dismiss appellants' complaint pursuant to Civ.R. 12(B)(1) and (B)(6). In support, he argued that any claims of plaintiff Red Foot Racing Stables must be dismissed because a licensed attorney did not file the complaint on behalf of this party. He further argued that plaintiff Eichenberger, individually, is not a true party in interest because he is not an owner of the horses at issue.

{¶ 5} In May 2019, the trial court granted Polhamus' motion to dismiss. Based on information outside the complaint, the trial court determined that it is undisputed that Eichenberger does not own the horses at issue and thus he has no individual claims in this matter. The trial court decided the dispute centered on whether Red Foot Racing Stables was a separate business entity, such as a limited liability company ("LLC"). As to this issue, the trial court found that Red Foot Racing Stables, as identified in the complaint, was in fact Red Foot Racing Stables, LLC. Based on these findings, the trial court concluded that, as to Red Foot Racing Stables, the complaint is a nullity because it was not filed by a licensed attorney, and that Eichenberger's claims must be dismissed because he has no individual claims against Polhamus. The trial court therefore dismissed the complaint.

{¶ 6} Red Foot Racing Stables and Eichenberger timely appeal.

## II.  Assignments of Error

{¶ 7}   Appellants assign the following errors for our review:

[1.] The trial court erred as a matter of law and abused its discretion by considering information outside of the text of the complaint in granting the defendant's motion to dismiss.

[2.] The trial court erred as a matter of law and abused its discretion by failing to notify the parties that it was converting the defendant's motion to dismiss to a motion for summary judgment, and by then failing to permit the plaintiff to submit Civil 56 evidence to the court to oppose the motion.

## III.  Discussion

{¶ 8}   Appellants' first assignment of error asserts the trial court erred in considering information outside the complaint in granting Polhamus' motion to dismiss. Their second assignment of error contends the trial court erred in converting Polhamus' motion to dismiss to a motion for summary judgment.

{¶ 9}   Before resolving the merits of this appeal, we must address the preliminary issue of whether this appeal was properly filed on behalf of Red Foot Racing Stables. Eichenberger signed the complaint and initiated this matter on behalf of Red Foot Racing Stables, which the complaint expressly identified as an "entity" and treated as a separate party.  *Black's Law Dictionary* defines an "entity" as "[a]n organization (such as a business or a governmental unit) that has a legal identity apart from its members or owners." *Black's Law Dictionary* 612 (9th Ed.2009).  But Eichenberger is not a licensed attorney[1] and thus may not represent another party in court.  "Only a licensed attorney may file pleadings on behalf of another party in court." *State ex rel. Army of the Twelve Monkeys v. Warren Cty. Court of Common Pleas*, 156 Ohio St.3d 346, 2019-Ohio-901, ¶ 5, citing *Disciplinary Counsel v. Givens*, 106 Ohio St.3d 144, 2005-Ohio-4104, ¶ 7.  *See* R.C. 4705.01 (only a licensed attorney can commence an action or proceeding on behalf of another person).  At Polhamus' request, the trial court dismissed the complaint in part because Eichenberger could not file a complaint on behalf of an entity.  Eichenberger filed a notice of appeal on behalf of himself and Red Foot Racing Stables.  Because Eichenberger is not a licensed

---

[1] *See In re Resignation of Eichenberger*, Supreme Court of Ohio case No. 2017-0983, 2017-Ohio-8297 (resignation accepted with disciplinary action pending).

attorney, however, the appeal of the dismissal as to the separate party, Red Foot Racing Stables, must be dismissed. *See Heath v. Teich*, 10th Dist. No. 06AP-1018, 2007-Ohio-2529, ¶ 12 (appeal initiated by non-lawyer on behalf of another party must be dismissed).

{¶ 10} Insofar as Eichenberger appeals the dismissal of his individual claims against Polhamus, that appeal is properly before us for disposition. We first address Eichenberger's contention raised by his second assignment of error – that the trial court erred in converting Polhamus' motion to dismiss to a motion for summary judgment. This assignment of error lacks merit because the trial court did not convert the motion to dismiss to a motion for summary judgment. Thus, we overrule his second assignment of error.

{¶ 11} We next address the merits of Eichenberger's first assignment of error, which asserts the trial court erred in considering materials outside the complaint. In analyzing Polhamus' motion to dismiss the complaint, the trial court properly outlined the standard of review for a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, including noting the requirement that the court presumes all factual allegations contained in the complaint to be true and makes all reasonable inferences in favor of the nonmoving party. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. Additionally, it noted that when considering a Civ.R. 12(B)(6) motion to dismiss, the court must look only to the complaint, or, in a proper case, the copy of a written instrument upon which a claim is predicated, to determine whether the allegations are legally sufficient to state a claim. *Springfield Fireworks, Inc. v. Ohio Dept. of Commerce*, 10th Dist. No. 03AP-330, 2003-Ohio-6940, ¶ 12. Despite these requirements, the trial court here looked beyond the allegations of the complaint and determined that Eichenberger has no individual claims in this action based on its finding that Red Foot Racing Stables is the sole owner of the horses at issue. But the complaint itself alleges that Eichenberger and Red Foot Racing Stables both own the horses, that they contracted with Polhamus to train and stable the horses, and that they have suffered damages because Polhamus engaged in misconduct relating to his duties and obligations as to the horses. Thus, the trial court erred in dismissing Eichenberger's individual claims against Polhamus at the pleading stage.

{¶ 12} Accordingly, we sustain Eichenberger's first assignment of error.

## IV. Disposition

{¶ 13} Based on the foregoing, we dismiss this appeal as to appellant Red Foot Racing Stables. As to appellant Eichenberger, we sustain his first assignment of error and overrule his second assignment of error. Therefore, we reverse in part the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings consistent with law and this decision.

*Appeal dismissed in part; judgment reversed in part;*
*cause remanded.*

BROWN and BRUNNER, JJ., concur.