[Cite as *Red Foot Racing Stables v. Brewer*, 2020-Ohio-5201.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Red Foot Racing Stables et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 20AP-02 |
| v. | : | (C.P.C. No. 18CV-7256) |
| Jeffrey Brewer et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on November 5, 2020

**On brief:** *Raymond L. Eichenberger*, pro se.

**On brief:** *Brandon M. Smith* and *John A. Izzo*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} Plaintiff-appellants Redfoot Racing Stables ("Stables"), Red Foot Racing Stables, LLC ("the LLC"), and Raymond L. Eichenberger sued defendant-appellees Jeffrey and Jason Brewer and Brewer Stable, LLC alleging various breach of (oral) contract and negligence claims arising from asserted injuries to two horses (Red Foot Edie Ruth and Red Foot Ernie Ray) said to have been entrusted to the Brewers or the Brewer Stable, LLC "to train, stable, and care for." *See* Complaint ¶ 8-9 and claims 1-8. Over the course of two rulings, one concerning a motion to dismiss and one on a motion for summary judgment, the trial court dismissed without prejudice the claims of Stables and the LLC and dismissed Mr. Eichenberger's individual claims with prejudice. *See* December 3, 2019 Decision and Final Judgment; *see also* February 28, 2019 ruling on motion to dismiss (striking the claims of Stables and the LLC and dismissing all remaining negligence claims as tort claims not arising separately from the contract claims alleged).

{¶ 2}    In a nutshell, the trial court ruled that as a corporate entity, the LLC could not advance its claims in court without a licensed lawyer; Stables could not advance its claims as an entity absent its registration with the Ohio Secretary of State under the terms of R.C. 1329.10(B) ("No person doing business under a trade name or fictitious name shall commence or maintain an action in the trade name or fictitious name in any court in this state or on account of any contracts made or transactions had in the trade name or fictitious name until it has first complied with [the registration requirements of] section 1329.01 of the Revised Code"); and Mr. Eichenberger had no individual damages to recoup because he did not claim to own the horses.  December 3, 2019 Decision and Final Judgment at 3 ("the evidence is undisputed that Mr. Eichenberger does not individually own either horse, according to [U.S. Trotting Association] records," and he "had asserted [earlier in the litigation] that the horses are owned by Red Foot Racing LLC").

{¶ 3}    "[T]he Plaintiffs herein" (albeit now specified as "Raymond L. Eichenberger and Red Foot Racing Stables," without the LLC) have filed a notice of appeal from the December 3, 2019 Decision and put forward four assignments of error:

> [1.] The trial court erred as a matter of law and abused its discretion in failing to rule that O.A.C. 3769-15-05 is alone sufficient for registering a racing stable as a trade name in the State of Ohio.  O.R.C. 1329.01 as to trade name registration does not apply to racehorse stables.
>
> [2.] The trial court erred as a matter of law and abused its discretion in dismissing the litigation for lack of a real party in interest.  The correct real party in interest should have been substituted without dismissing the litigation.
>
> [3.] The trial court erred as a matter of law and abused its discretion in ruling that the individual plaintiff could not represent his sole member LLC in pending civil litigation.
>
> [4.] The trial court erred as a matter of law and abused its discretion in forcing the plaintiffs to choose between causes of action in negligence or breach of contract for their claims.  The plaintiffs were entitled to pursue both theories of recovery or the claims were actually negligence claims.

Dec. 31, 2019 Notice of Appeal at 1; Appellants' Brief at 5-6 (capitalizations adjusted).  We review the judgment of the trial court de novo.

{¶ 4}   First, the trial court was correct to conclude that Stables could not sue in its own name.   As background, we note that the complaint alleged that Stables is "recognized" by the United States Trotting Association and by the Ohio Racing Commission as a "horse owner," Complaint at ¶ 1, and proof adduced by both sides established that Edie Ruth and Ernie Ray "are registered in the name of Red Foot Racing Stables," September 13, 2019 Lane Aff. at ¶ 4; *see also* August 30, 2019 Lane Aff. at ¶ 8-9 (adding at ¶ 7 that "[a]ccording to the records of the United States Trotting Association, Raymond L. Eichenberger has never been registered as the owner of any horse").   The complaint also averred that in turn, "Red Foot Racing Stables, LLC * * * is the sole owner of Red Foot Racing Stables." Complaint at ¶ 2.

{¶ 5}   Stables and Mr. Eichenberger do not contest the trial court's finding that Stables is a " 'fictitious legal name,' " December 3, 2019 Decision and Final Judgment at 4 (quoting Plaintiffs' Memo of September 13, 2019), or that "[t]here is no dispute" but that the Stables name has not been registered with the Ohio Secretary of State pursuant to R.C. 1329.01 as referenced in R.C. 1329.10(B), *see id.*   Rather, they contend that the straightforward limitation of R.C. 1329.10(B) that "[n]o person doing business under a trade name or fictitious name shall commence or maintain an action in the trade name or fictitious name in any court in this state * * * until it has first complied with section 1329.01" Secretary of State registration requirements "does not apply to racehorse stables." Appellants' Brief at 15 and assignment of error one.

{¶ 6}   That proposition is incorrect.  The statutory preclusion on suit in a fictitious name contains no such carve-out.  Indeed, its terms are all-encompassing:  "No person * * * shall commence * * * an action in the * * * fictitious name" absent the required Secretary of State registration.  R.C. 1329.10(B).  Administrative Code provisions addressing "stable names" could not themselves trump the statute, and they do not purport to do so.  *See* Ohio AdmCode 3769-15-05 (recognizing U.S. Trotting Association stable names under certain conditions).  Neither the administrative code provisions nor the statute pursuant to which they were promulgated, R.C. 3769.03 (authorizing the state racing commission to establish rules "under which horse racing may be conducted"), addresses or even mentions capacity to sue (apart from specifying that "[t]he commission may sue and be sued in its own name").

{¶ 7} And the Administrative Code stable name provision as invoked by the appellants is easily harmonized with the Revised Code provision governing lawsuits by a fictitiously named entity: compliant stables can use Trotting Association stable names in connection with activities governed by the racing commission, and fictitiously named entities must register with the Secretary of State in order to bring lawsuits. *Compare, e.g., Washington Cty. Home v. Dept. of Health*, 178 Ohio App.3d 78, 2008-Ohio-4342, ¶ 37 (4th Dist.) (courts should attempt to harmonize statutes and administrative code sections; " 'where a potential conflict exists between an administrative rule and a statute, an administrative rule is not inconsistent with a statute unless the rule contravenes or is in derogation of some express provision of the statute,' " citations omitted); *Fagan v. Boggs*, 4th Dist. No. 10CA17, 2011-Ohio-5884, ¶ 36 (same); *State ex rel. Celebrezze v. Natl. Lime and Stone Co.*, 68 Ohio St.3d 377, 382 (1994) (administrative code may not conflict with statute covering the same subject matter).

{¶ 8} The trial court thus reasoned correctly in dismissing Stables's claims, noting that the fictitious name had not been registered with the Secretary of State before final judgment. December 3, 2019 Decision and Final Judgment at 4-5; *see, e.g., Debney v. Lancaster*, 10th Dist. No. 09AP-417, 2009-Ohio-6121, ¶ 6 ("a person doing business under an unregistered, fictitious name lacks the legal capacity to sue").

{¶ 9} Further still, we note that this court held in another case involving Stables and Mr. Eichenberger that Mr. Eichenberger "is not a licensed attorney," having resigned (with disciplinary action pending, *see In re Resignation of Eichenberger*, Supreme Court of Ohio case No. 2017-0983, 2017-Ohio-8297), "and thus may not represent another party in court." *Red Foot Racing Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 9 (quoting *State ex rel. Army of the Twelve Monkeys v. Warren Cty. Court of Common Pleas*, 156 Ohio St.3d 346, 2019-Ohio-901, ¶ 5: "Only a licensed attorney may file pleadings on behalf of another party in court"). In that earlier case, we observed that "[b]ecause Eichenberger is not a licensed attorney, * * * the appeal of the dismissal as to the separate party, Red Foot Racing Stables, must be dismissed." 2020-Ohio-592 at ¶ 9, citing *Heath v. Teich*, 10th Dist. No. 06AP-1018, 2007-Ohio-2529, ¶ 12 (involving purported representation of a trust). In any event, we overrule the first assignment of error.

{¶ 10} The third assignment of error is facially wrong but ultimately moot with regard to the non-appellant LLC. It is wrong as a matter of law because, as we again advise Mr. Eichenberger, he is not a licensed lawyer authorized to represent separate entities including the LLC. *Army of the Twelve Monkeys*; *Red Foot Racing Stables*. Mr. Eichenberger purports to be the sole shareholder in the LLC. Appellants' Brief at 24. For these purposes, that matters not: he chose the corporate form for whatever advantages it offers, and he must observe the corporate form even if he deems himself "uniquely qualified" (apart from his lack of a law license) to represent the LLC, *compare* Appellants' Brief at 23. *See, e.g., Gibbs v. Burley*, 10th Dist. No. 19AP-141, 2020-Ohio-38, fn. 1 ("we previously have held that outside of small claims court, a non-lawyer may not litigate on behalf of a limited liability company," citing *Campus Pitt Stop, L.L.C. v. Liquor Control Comm.*, 10th Dist. No. 13AP-622, 2014-Ohio-227, ¶ 11).

{¶ 11} It well may be that Mr. Eichenberger practiced law "for over thirty-five * * * years before he retired," *id.* at 25, but the significant point about that formulation in this context is that he *did* retire (thus surrendering his law license). And his argument about small claims court, *id.*, is irrelevant because the LLC did not bring a small claims court case but instead purported to sue in the court of common pleas (where it sought damages mounting past $30,000 as well as "attorney's fees"), *see* Complaint at prayer for relief. In the end, however, the third assignment of error is moot because the LLC has not appealed (and could not have used Mr. Eichenberger to represent it had it wished to be included in the notice of appeal that Mr. Eichenberger filed). *See, e.g., Chambers v. Sharwell*, 8th Dist. No. 62592, 1992 Ohio App. Lexis 3145, *2-3 (June 18, 1992) ("Sharwell's brief purports to argue on behalf of DIA. However, DIA did not appeal and, even if it had, since Sharwell is not a licensed attorney he cannot represent the corporation"). To any extent that Mr. Eichenberger advances an argument on his individual behalf that the trial court erred by not permitting him as a non-lawyer to represent the LLC, we overrule the third assignment of error.

{¶ 12} The second assignment of error is briefed entirely as an alternative argument to the first assignment, positing that "[e]ven if" Stables had to register with the Secretary of State in order to have capacity to sue pursuant to R.C. 1329.10(B), "the trial Court should merely have given the Plaintiffs a reasonable time to do so before the case was dismissed

and terminated." *See* Appellants' Brief at 21-23 (with page 23 quoted here); Reply Brief at 10-11. That argument overlooks the fact that the Complaint was filed on August 27, 2018, with the defendants' motion to dismiss filed October 1, 2018 and partially granted February 28, 2019 before the Decision and Final Judgment (in part revising the earlier dismissal ruling) issued on December 3, 2019. More fundamentally, it ignores the undisputed fact that Stables never registered with the Secretary of State and so never had capacity to sue or to be "substituted as the correct party," Reply Brief at 11, because it never was a correct party. And we again observe that this court has held that Stables could not be represented by Mr. Eichenberger. We overrule the second assignment of error.

{¶ 13} It may be worth noting at this juncture that none of the assignments of error as briefed to us targets the dismissal of Mr. Eichenberger's individual case—a dismissal predicated on the undisputed fact that he individually does not own either horse and that the Complaint advanced no claims for damages other than to the entity that does. *See* December 3, 2019 Decision and Final Judgment at 3-4. In his briefing to us, Mr. Eichenberger asserts that "[t]he two (2) harness racehorses in question in the litigation and mentioned in the Complaint are owned by Red Foot Racing Stables," Appellants' Brief at 13, and he admitted in his Complaint that the LLC, "an Ohio corporation, * * * is the sole owner of Red Foot Racing Stables by a legal assignment of ownership." Complaint at ¶ 2; *Compare Red Foot Racing Stables*, 2020-Ohio-592, at ¶ 11 (noting that complaint in that case did not specify sole ownership and that trial court's determination of Stables as owner was based on materials beyond the complaint and therefore was not appropriate basis for a motion to dismiss); *compare also, e.g., Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 18-26 (party without actual interest in subject matter of action cannot invoke jurisdiction of court, as determined as of commencement of action).

{¶ 14} The briefing to us further recites that at one point (presumably before the ownership switched to the current asserted status of the horses being "owned by Red Foot Racing Stables," Appellants' Brief at 13, the horses had been owned directly by the LLC (which apparently got them through a "private document assignment," later "canceled by another private document"), *id.* at 10. Appellants had earlier represented to the trial court that "Red Foot Racing Stables, LLC was privately assigned all right, title, and interest to the racehorses in question by the individual Plaintiff for estate planning purposes (probate

avoidance, privacy, and asset protection)."  October 12, 2018 Plaintiffs' Memo. Contra at 6. As noted above, the two affidavits from the U.S. Trotting Association's Mr. Lane say that both horses are registered as owned by Stables.

{¶ 15}  But whether the horses are owned directly by the LLC or by the Stables entity of which the LLC is proclaimed and admitted to be "the sole owner," Complaint at ¶ 2, Mr. Eichenberger does not present us with an assignment of error postulating that he individually owns the horses or has been damaged by harm to them.  *Compare Debney*, 2009-Ohio-6121, at ¶ 6 ("a person places himself in a precarious position when he operates under a fictitious name, as a person doing business under an unregistered, fictitious name lacks the legal capacity to sue," citations omitted).  And his desire to invoke the corporate form for the LLC that according to the appellants and depending on the time-frame in question owns either the horses or the fictitiously named entity that owns the horses— whether adopted for "probate avoidance, privacy, and asset protection," as he puts it, or otherwise—would require him to take any downside of the organizational form along with its advantages.  *Compare, e.g., Opdyke v. Security Sav. & Loan Co.*, 157 Ohio St. 121, 135 (1952) (shareholders who accept benefits of corporate merger statute "must take the bitter with the sweet"); *Stanton v. State Tax Comm.*, 26 Ohio App. 198, 202 (8th Dist.1927) (regarding corporation choice in designating where it is located; "the burdens that may ensue from such a selection, as well as the benefits," run together).  Given the contours of this appeal, however, we need not explore further that principle regarding the election of corporate form.

{¶ 16}  The fourth assignment of error also is moot.  Because the LLC is not a party to this appeal (and could not litigate represented by non-lawyer Eichenberger), because the trial court properly dismissed without prejudice the claims of Stables, and because Mr. Eichenberger does not assign as error the trial court's determination that he individually suffered no compensable damage and given that he cannot advance individual claims that might inhere in the LLC (whether as owner of the horses or of Stables), no party to this appeal has a justiciable interest in our determining whether the trial court erred in assessing the complaint's negligence claims as rooted in contract.

{¶ 17}  As explained above, we overrule the assignments of error regarding any claim of Red Foot Racing Stables, noting again that the trial court properly dismissed Stables

without prejudice. Red Foot Racing Stables, LLC has not appealed (and was properly dismissed without prejudice below, where it was not represented by licensed counsel). Although the notice of appeal did extend to him individually, Mr. Eichenberger has submitted no assignment of error regarding the trial court's rulings against him as an individual (and he has pointed to no evidence that he suffered individual damages); moreover, he is incorrect in arguing that the law permits him as a non-lawyer to represent the interests of an LLC in which he is the sole shareholder. We overrule all the assignments of error, and we affirm the judgment of the trial court.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

_____