[Cite as *State ex rel. Jones v. Ohio Adult Parole Auth*, 2023-Ohio-1340.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. James S. Jones,                     :

       Relator,                                        :

                                       No. 22AP-605

v.                                                              :

                                    (REGULAR CALENDAR)

The Ohio Adult Parole Authority,         :

       Respondent.                                  :

_____

D E C I S I O N

Rendered on April 25, 2023

_____

**On brief:** *James S. Jones*, pro se.

**On brief:** *Dave Yost,* Attorney General, and *D. Chadd McKitrick,* for respondent.

_____

IN MANDAMUS

BEATTY BLUNT, P.J.

{¶ 1} Relator, James S. Jones, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, the Ohio Adult Parole Authority ("OAPA") to cease employing discretionary powers with regard to relator's parole. OAPA has filed a motion to dismiss pursuant to Civ.R. (12)(B)(6).

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that relator cannot demonstrate that respondent had a clear legal duty to grant relator parole or that relator had a clear legal right to parole. Accordingly, the magistrate recommended this court grant OAPA's motion to dismiss and

dismiss relator's complaint.

{¶ 3}  No objections have been filed to the magistrate's decision.

{¶ 4}  Upon review, we have found no error in the magistrate's findings of fact or conclusions of law.

{¶ 5}  Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein.  In accordance with the magistrate's decision, we grant the motion of OAPA to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6) and dismiss relator's complaint in which he seeks an order for a writ of mandamus.  We further find moot relator's December 1, 2022 motion to dismiss respondent's memorandum to dismiss.

*Respondent's motion to dismiss
granted;action dismissed.*

JAMISON and LELAND, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James S. Jones, | : | |
| Relator, | : | |
| v. | : | No.  22AP-605 |
| The Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 9, 2022

*James S. Jones,* pro se.

*Dave Yost,* Attorney General, and *D. Chadd McKitrick,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 6}   Relator, James S. Jones, has filed this original action seeking a writ of mandamus ordering respondent, Ohio Adult Parole Authority, to cease employing discretionary powers with regard to relator's parole. Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Findings of Fact:

{¶ 7}   1. Relator is incarcerated at the Madison Correctional Institution in London, Ohio at the time of the filing of this action.

{¶ 8}   2. Respondent is an administrative unit of the Ohio Department of Rehabilitation and Correction.

{¶ 9}   3. In his complaint, relator alleges he was convicted on May 26, 1987 and sentenced to five consecutive three-year gun specifications to run consecutive to a 15-to-25-year indefinite term of incarceration. As of the time of the complaint's filing, relator had served 35 years and 8 months of his sentence. Relator alleges he had a parole hearing in May 2014, at which time his parole consideration was continued for 95 months. (Compl. at 2.) Relator had a subsequent parole hearing in March 2022, at which time his parole consideration was continued for 35 months. (Compl. at 4.)

{¶ 10}   4. Relator filed a complaint in mandamus in the instant action on October 3, 2022. In his complaint, relator alleges respondent has violated his due process right to a fair and meaningful parole hearing. Relator requested an order for respondent to "cease and desist any and all discretionary power over relator's parole hearings as well as have [respondent] to pay all court cost and fees and grant relator relief by way of time served." (Compl. at 2.)

{¶ 11}   5. On November 3, 2022, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 12}   6. On December 1, 2022, relator filed a "motion to dismiss respondent's memorandum to dismiss."

{¶ 13}   7. The original action is now before the magistrate on respondent's motion to dismiss.


Discussion and Conclusions of Law:

{¶ 14}   A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C).

{¶ 15}   A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing*

*Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 11, citing *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 10th Dist. No. 09AP-352, 2009-Ohio-5976, ¶ 9, citing *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242 (1975), syllabus. Provided there is a set of facts, consistent with the complaint, under which the complaining party could recover, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 23, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 16} In order for a court to issue a writ of mandamus, a relator must establish (1) the relator has a clear legal right to the relief requested, (2) the respondents are under a clear legal duty to provide the relief, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983), citing *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978). "A complaint in mandamus states a claim if it alleges 'the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989), quoting *State ex rel. Alford v. Willoughby*, 58 Ohio St.2d 221, 224 (1979).

{¶ 17} When determining whether a relator's complaint states a claim for a writ, a court may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute insofar as they affect the current original action. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. "Ohio courts may take judicial notice in 'writ action[s] without converting * * * [a] dismissal motion to a motion for summary judgment.' " *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9, quoting *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). *See Pearson v. Columbus*, 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17,

quoting *State ex rel. Everhart v. McIntosh,* 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10 (stating that a court is permitted to "take judicial notice of 'appropriate matters' in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment").

{¶ 18} In his complaint, relator seeks an order directing respondent to cease employing discretionary powers with regard to relator's parole and to grant relief in the form of time served. Respondent argues relator's complaint must be dismissed for failing to state a claim upon which relief can be granted for two reasons. First, respondent contends relator has failed to comply with the mandatory filing requirements in R.C. 2969.25(A).

{¶ 19} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley,* ___ Ohio St.3d ___, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.,* 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the requirements of R.C. 2969.25(A) and (C) is mandatory, and failure to comply warrants dismissal. *Boles v. Knab,* 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1. Furthermore, substantial compliance with the requirements of R.C. 2969.25(A) or (C) is not sufficient. *State ex rel. McGlown v. Mohr,* 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson,* 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4.

{¶ 20} Under R.C. 2969.25(A), an inmate commencing a civil action in the court of appeals must file an affidavit containing a "description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." To comply with R.C. 2969.25(A), the filed affidavit must include all of the following:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award

> of that nature, the date of the final order affirming the dismissal
> or award.

R.C. 2969.25(A). *See Swanson* at ¶ 5.

{¶ 21} Here, respondent argues that relator failed to comply with R.C. 2969.25(A) by failing to file an affidavit containing a description of prior civil actions or appeals of a civil action in the previous five years in any state or federal court. Respondent, however, does not assert that relator has filed any such civil action or appeal of a civil action. The Supreme Court of Ohio has held that the plain language of R.C. 2969.25(A) "includes no requirement that inmates who have not filed a civil action or appeal of a civil action against a government entity or employee in the requisite five-year period file this affidavit." *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695, ¶ 3. *See State ex rel. Davidek v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 16AP-570, 2016-Ohio-7879, ¶ 3; *Hill v. Ohio Adult Parole Auth.*, 10th Dist. No. 05AP-1086, 2006-Ohio-1299, ¶ 6 (stating that "if an inmate has not filed any civil actions in the previous five years, R.C. 2969.25(A) does not require him to file an affidavit"). Because respondent does not point this court to any prior filing by relator that would trigger the requirements of R.C. 2969.25(A) and there is no evidence in the record of such a filing, respondent has not demonstrated that relator's complaint must be dismissed for failing to comply with the requirements of R.C. 2969.25(A).

{¶ 22} Next, respondent contends that relator has failed to demonstrate a clear legal right to the requested relief and that respondents are under a clear legal duty to provide the relief. Relator seeks a writ of mandamus ordering respondent to "cease and desist any and all discretionary power over relator's parole hearings" and to grant "relief by way of time served." (Compl. at 2.)

{¶ 23} "A prisoner has no constitutional or statutory right to parole." *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, ¶ 19, citing *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.*, 81 Ohio St.3d 267, 268 (1998). *See State ex rel. Miller v. Leonard*, 88 Ohio St.3d 46, 47 (2000) ("There is no constitutional or inherent right to be released before the expiration of a valid sentence."). Because no such right exists, an incarcerated individual who has been denied parole has not been deprived of a liberty interest where state law makes the parole decision discretionary. *Id.* Pursuant to R.C. 2967.03, the parole decision is discretionary. *Id. See State ex rel. Bailey v. Ohio*

*Parole Bd.*, 10th Dist. No. 15AP-887, 2016-Ohio-8264, ¶ 7, citing *Festi v. Ohio Adult Parole Auth.*, 10th Dist. No. 04AP-1372, 2005-Ohio-3622, ¶ 14 (stating that the Ohio Adult Parole Authority generally "has wide-ranging discretion in parole matters").

{¶ 24} In *Bailey*, this court dismissed a complaint brought by incarcerated individuals who alleged that the Ohio Parole Board had "an unwritten policy of denying parole to 'old law offenders' " who had been sentenced prior to the passage of Am.Sub.S.B. No. 2 ("SB 2") in 1996 and were still serving indeterminate sentences. The relators also alleged that the parole board "place[d] undue emphasis on the serious nature of an inmate's crime in making its parole determinations." *Bailey* at ¶ 8. This court found that the relators' allegations were "insufficient to establish an unwritten policy of respondent to automatically deny meaningful consideration for release on parole" even "accepting as true the statements attributed to employees or former employees of respondent, i.e., that all inmates 'likely' to be paroled have already been released, or that 'most' of the inmates suitable for parole have already been released." *Id.* at ¶ 9. Finding that the alleged statement may have supported an inference that the parole board placed an emphasis on the serious natures of the crimes in exercising its discretion, this court concluded that such statements did not support a reasonable inference that the parole board had implemented a policy of denying parole to those offenders sentenced prior to the passage of SB 2.

{¶ 25} Similar to the arguments raised by the relators in *Bailey*, relator in this case makes allegations regarding respondent's parole determinations for offenders sentenced prior to the enactment of SB 2. Specifically, relator alleges that "there is no doubt that the parole board making release determinations for Ohio labeled 'old law,' inmates sentence[d] prior to July 1996 is not something that the parole board is willing as well as able to do." (Compl. at 2.) Relator also alleges that respondent has "enabled the [parole board] to not grant paroles." (Compl. at 2.) The parole board decisions attached to relator's complaint from his 2014 and 2022 hearings contain statements detailing the rationale for the decisions to deny parole.

> In the 2014 parole decision, the parole board stated:
>
> The Board has determined that the inmate is not suitable for release at this time. The inmate has completed several programs; served a significant amount of time (5 three year gun specs); however, he has several tickets over the years-last one 2011. The nature of the offense-forced his way in and

> brutally raped innocent female victim-was on probation at the time and was AWOL in GA. Community members object to the inmate's release, ex offender risk score of a 6. The release plans are underdeveloped.

(Compl. at 3.) The parole board also indicated that several of the reasons provided in the version of Ohio Adm.Code 5120:1-1-07 in effect at the time of the parole hearing applied including: (1) "There is substantial reason to believe that the inmate will engage in further criminal conduct, or that the inmate will not conform to such conditions of release as may be established under [Ohio Adm.Code] 5120:1-1-12"; and (2) "There is substantial reason to believe that due to the serious nature of the crime, the release of the inmate into society would create undue risk to public safety, or that due to the serious nature of the crime, the release of the inmate would not further the interest of justice or be consistent with the welfare and security of society." (Compl. at 3.) In the 2022 parole decision, the parole board stated:

> The panel finds that a release of Offender Jones is not appropriate at this time. While he has completed some risk relevant programming, he continues to lack insight into his offense cycle. Additionally, this case has a significant amount of community opposition. Given his escalating and significant criminal history, a release would not be in the best interest of public safety.

(Compl. at 4.) The parole board also indicated that one of the reasons in Ohio Adm.Code 5120:1-1-07 applied, i.e., that "[t]here is substantial reason to believe that as the unique factors of the offense of conviction significantly outweigh the inmate[']s rehabilitative efforts, the release of the inmate into society would create undue risk to public safety and/or would not further the interest of justice nor be consistent with the welfare and security of society." (Compl. at 4.)

{¶ 26} As in *Bailey*, relator's allegations are insufficient to raise an inference that he is not being granted meaningful consideration for release on parole. Relator does not allege that he was denied parole hearings or that the parole board relied on improper factors in reaching its decision to deny parole. Indeed, the parole board's reasoning in its decisions is consistent with the explicitly provided factors under Ohio Adm.Code 5120:1-1-07 in effect at the times of the parole hearings. See *Swihart v. Chairman/Chairperson of the Ohio Adult Parole Auth.*, 10th Dist. No. 13AP-993, 2014-Ohio-3305, ¶ 23 (stating that "Ohio

Adm.Code 5120:1-1-07(A)(2) expressly provides that parole authorities may rely upon the serious nature of the offense to determine whether the inmate would create a risk to public safety or whether release on parole would further the interests of justice or be consistent with the welfare and security of society"); *Nelson v. Mohr*, 10th Dist. No. 13AP-130, 2013-Ohio-4506, ¶ 18, quoting *State ex rel. Thompson v. Clark*, 7 Ohio App.3d 191, 192 (10th Dist.1982) (stating that "R.C. 2967.03 has been construed as 'allow[ing] the board to consider any evidence it feels is pertinent to the question of whether the prisoner is fit to be at liberty without harming others' "). Thus, relator cannot establish the respondents are under a clear legal duty to provide requested relief. Relator also cannot establish that he is entitled to an order directing respondents to "cease and desist any and all discretionary power over relator's parole hearings." (Compl. at 2.) Respondents are explicitly afforded discretion over parole determinations by law. R.C. 2967.03. *See Keith* at ¶ 19.

{¶ 27} Relator also alleges in his complaint that respondent is "attempting to turn relator's indefinite sentence into a definite sentence" and compares his indefinite sentence with definite sentences under SB 2. (Compl. at 2.) Relator, however, admits that he received parole hearings, as provided under pre-SB 2 law. Although relator references a presumption of release, nothing under pre-SB 2 law entitled an inmate with a right to parole. Furthermore, the provisions of SB 2 are inapposite as relator was convicted prior to the enactment of such legislation. *See Miller* at 47, citing *State ex rel. Smith v. Sage*, 83 Ohio St.3d 209 (1998) (stating that "nothing in Am.Sub.S.B. No. 2 confers a mandatory right to parole" and that "the sentencing provisions of Am.Sub.S.B. No. 2 * * * do not apply to Miller and other persons convicted and sentenced before July 1, 1996").

{¶ 28} Construing the material allegations in the complaint and all reasonable inferences to be drawn by the same in favor of the nonmoving party as true, relator cannot demonstrate that respondent had a clear legal duty to grant relator parole or that relator had a clear legal right to parole. Therefore, respondent is entitled to judgment as a matter of law. Accordingly, it is the decision and recommendation of the magistrate that respondent's November 3, 2022 motion to dismiss be granted and the writ denied. Relator's December 1, 2022 "motion to dismiss respondent's memorandum to dismiss" is denied as moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).