[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Army of the Twelve Monkeys v. Warren Cty. Court of Common Pleas,* Slip Opinion No. 2019-Ohio-901.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-901

THE STATE EX REL. THE ARMY OF THE TWELVE MONKEYS, APPELLANT, *v.*

WARREN COUNTY COURT OF COMMON PLEAS, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Army of the Twelve Monkeys v. Warren Cty. Court of Common Pleas,* Slip Opinion No. 2019-Ohio-901.]**

*Mandamus—Only an attorney may file pleadings on behalf of another party in court—Court of appeals' judgment affirmed as modified.*

(No. 2018-0760—Submitted January 8, 2019—Decided March 19, 2019.)

APPEAL from the Court of Appeals for Warren County, No. CA2018-03-032.

_____

**Per Curiam.**

{¶ 1} Appellant, the Army of the 12 Monkeys, a.k.a. the Army of the Twelve Monkeys ("the Army"), appeals the judgment of the Twelfth District Court of Appeals dismissing its complaint for a writ of mandamus for failure to pay the filing fee. We affirm.

**{¶ 2}** The Army is an unincorporated nonprofit association registered with the Ohio Secretary of State. On March 16, 2018, Sean Swain, then an inmate at the Warren Correctional Institution and the authorized agent for the Army, filed a complaint on behalf of the Army for a writ of mandamus in the court of appeals against appellee, the Warren County Court of Common Pleas, alleging that the common pleas court was failing in its duty to provide the Army with copies of filings in a pending lawsuit that the Army had filed against the Warren Correctional Institution.

**{¶ 3}** At the time that he filed the complaint in mandamus, Swain also submitted, on behalf of the Army, a motion for leave to proceed in forma pauperis. On April 9, 2018, the court of appeals denied the motion and pursuant to 12th Dist.Loc.App.R. 2(B),[1] ordered the Army to pay $225 as a deposit for costs no later than April 30, 2018. On May 17, after the fee was not paid, the court of appeals dismissed the complaint with prejudice.

**{¶ 4}** The Army appealed and filed a merit brief defending its alleged right to proceed in forma pauperis. We affirm the dismissal of the complaint but for a different reason.

**{¶ 5}** R.C. 4705.01 provides:

> No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules.

---

1. The court of appeals' entry erroneously cited 12th Dist.Loc.App.R. 2(A), which governs appeals, rather than 12th Dist.Loc.App.R. 2(B), which applies to original actions.

Thus, only a licensed attorney may file pleadings on behalf of another party in court. *Disciplinary Counsel v. Givens*, 106 Ohio St.3d 144, 2005-Ohio-4104, 832 N.E.2d 1200, ¶ 7. A complaint filed by a nonattorney in violation of R.C. 4705.01 should be dismissed without prejudice. *See, e.g., In re Jerdine*, 8th Dist. Cuyahoga No. 91172, 2008-Ohio-1928, ¶ 9; *Sheridan Mobile Village, Inc. v. Larsen*, 78 Ohio App.3d 203, 205-206, 604 N.E.2d 217 (4th Dist.1992); *Williams v. Global Constr. Co.*, 26 Ohio App.3d 119, 121, 498 N.E.2d 500 (10th Dist.1985).

{¶ 6} With rare exceptions that are not applicable here, a corporation is not permitted to maintain litigation and appear in court represented by nonattorney corporate officers or agents. *Union Savs. Assn. v. Home Owners Aid*, *Inc*., 23 Ohio St.2d 60, 64, 262 N.E.2d 558 (1970). And one's status as a statutory agent does not confer the right to file pleadings in a court of law on behalf of a corporation. *Disciplinary Counsel v. Shrode*, 95 Ohio St.3d 137, 2002-Ohio-1759, 766 N.E.2d 597, ¶ 9. This rule logically applies to an unincorporated nonprofit association, which "is a legal entity distinct from its members and managers," R.C. 1745.08(A), possessing the legal capacity "to sue and be sued in its own name," R.C. 1745.11, and the legal right to acquire, hold, and transfer real and personal property, *see* R.C. 1745.09, and maintains the legal responsibility for its own debts, *see* R.C. 1745.10.

{¶ 7} Swain does not appear as a licensed attorney on the Supreme Court of Ohio's attorney-directory website.[2] Therefore, the mandamus complaint that he filed on behalf of the Army violated R.C. 4705.01 and should have been dismissed by the court of appeals on that basis. And because this conclusion is true regardless of whether the court of appeals properly denied the Army's motion for leave to proceed in forma pauperis, we see no need to analyze that question here.

---

2. The Supreme Court of Ohio Attorney Directory, https://www.supremecourt.ohio.gov /AttorneySearch/#/search (accessed Feb. 26, 2019).

**{¶ 8}** We affirm the judgment of the court of appeals dismissing the complaint, but we modify that judgment to hold that the dismissal is *without* prejudice.

Judgment affirmed as modified.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Sean Swain, pro se.

_____