[Cite as *State v. Ellis-Byrom*, 2020-Ohio-6693.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2020CA00112 |
| D'MARKUS ELLIS-BYROM | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
Common Pleas, Case No. 2019-CR-0930


JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     December 14, 2020


APPEARANCES:


For Plaintiff-Appellee               For Defendant-Appellant

JOHN D. FERRERO                AZUREL BEY
Prosecuting Attorney             1916 – 7th Street, N.W.
Stark County, Ohio               Canton, Ohio  44708

KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South, Ste. #510
Canton, Ohio  44702-1413

*Hoffman, P.J.*

**{¶1}** Defendant-appellant D'Markus Daechaun Ellis-Byrom aka Emmanuela Omega El Bey appeals his convictions and sentence entered by the Stark County Court of Common Pleas, on one count of having weapons while under disability and one count of carrying a concealed weapon, following Appellant's guilty plea. Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On May 3, 2019, a Canton Police Officer and the Crisis Intervention Team were dispatched to the McKinley Monument in response to reports of an individual who was shouting and causing a disturbance. When the officers arrived, they made contact with the individual, who was subsequently identified as Appellant. Police located a loaded, operable firearm in Appellant's pocket

**{¶3}** On May 31, 2019, the Stark County Grand Jury indicted Appellant on one count of having weapons while under disability, a violation of R.C. 2923.13(A)(2), a felony of the third degree; and one count of carrying a concealed weapon, in violation of R.C. 2923.12(A)(2), a felony of the fourth degree. Appellant entered a plea of not guilty to the Indictment at his arraignment on June 7, 2019. The trial court scheduled a pretrial hearing for June 17, 2019.

**{¶4}** Appellant appeared before the trial court on June 17, 2019, withdrew his former plea of not guilty, and entered a plea of guilty to the charges. Appellant executed a Crim. R. 11 form. Following a Crim. R. 11 colloquy with Appellant, the trial court found Appellant understood the nature of the charges against him and the potential penalties, was adequately represented by counsel, and freely and voluntarily entered the guilty.

**{¶5}** The trial court accepted his plea and found him guilty of both charges. The trial court ordered a presentence investigation and made a referral to SRCCC (Stark Regional Community Correction Center) and the H.O.P.E. program (Helping Offenders Psychologically and Emotionally). At the end of the hearing, Appellant advised the trail court he was a Moorish American National and "commanded" the trial court to set him free "immediately". Transcript of June 17, 2019 Plea Hearing at 16.

**{¶6}** After Appellant failed to appear for his presentence investigation hearing, the trial court issued a capias for his arrest on July 22, 2019. Appellant was arrested on June 25, 2020. The trial court conducted a sentencing hearing on July 14, 2020, and imposed an aggregate prison term of eighteen months. The trial court advised Appellant it would consider judicial release after Appellant served 90 days.

**{¶7}** It is from his convictions and sentence Appellant appeals, raising the following as error:


A. THE TRIAL COURT ERRED BY CONVICTING THE APPELLANT OF CARRYING CONCEALED WEAPONS AND CARRYING WEAPONS UNDER DISABILITY AS IT WAS AN INFRINGEMENT OF MULTIPLE UNHAMPERED, CONSTITUTIONALLY SECURED PROTECTIONS.

a. AMENDMENT IV OF THE CONSTITUTION FOR THE UNITED STATES OF AMERICA REPUBLIC, ARTICLE I §XIV OF THE OHIO CONSTITUTION

b. AMENDMENT V OF THE CONSTITUTION FOR THE

UNITED STATES OF AMERICA REPUBLIC, ARTICLE I § XVI OF THE OHIO CONSTITUTION

        c. ARTICLE VI OF THE CONSTITUTION FOR THE UNITED STATES OF AMERICA REPUBLIC

                i. THE TREATY OF PEACE AND FRIENDSHIP

                    A. NATIONALITY

        B. THE PLEA BARGAIN CONTRACT BETWEEN THE APPELLANT AND THE STATE OF OHIO IS VOID.

            a. DURESS

            b. LACK OF CONSIDERATION

        C. THE SENTENCE GIVEN TO THE APPELLANT IS CONTRARY TO LAW.

**{¶8}** Before resolving the merits of this appeal, we must address the preliminary issue  of whether this appeal was properly filed on Appellant's behalf.

**{¶9}** R.C. 4705.01 provides, in pertinent part:

No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules * * *

**{¶10}** Although Appellant has the right to represent himself, he does not have the right to have a non-attorney advise him or file anything on his behalf. Only a licensed attorney may file pleadings on behalf of another in court. R.C. 4705.01; *State ex rel. Army of Twelve Monkeys v. Warren Cty. Ct. of Common Pleas*, 156 Ohio St.3d 346, 2019-Ohio-901, 126 N.E.3d 1113, ¶ 5 (Citation omitted).

**{¶11}** When a non-attorney files a notice of appeal and attempts to prosecute the appeal in court as counsel on behalf of another, such constitutes the unauthorized practice of law for which the pleadings filed should be stricken and the proceeding thus attempted dismissed. *Bank of New York v. Miller*, 185 Ohio App.3d 163, 2009-Ohio-6117, 923 N.E.2d 651, ¶ 13 (5th Dist.)

**{¶12}** The Notice of Appeal filed on Appellant's behalf was signed by Azurel Bey. Appellant's Brief to this Court was also signed by Azurel Bey as "Authorized Representative." However, Azurel Bey is not a licensed attorney; therefore, may not

represent Appellant in this matter.

**{¶13}** Because Azurel Bey's actions on behalf of Appellant constitute the unauthorized practice of law, we dismiss this appeal.

**{¶14}** The Appeal is dismissed.

By: Hoffman, P.J.

Wise, John, J. and

Baldwin, J. concur