[Cite as *Sandusky Register v. Cedar Point Police Dept.*, 2022-Ohio-1193.]

| THE SANDUSKY REGISTER | Case No. 2021-00528PQ |
|---|---|
| Requester | Special Master Jeff Clark |
| v. | <u>RECOMMENDATION TO DISMISS</u> |
| CEDAR POINT POLICE DEPARTMENT | |
| Respondent | |

{¶1} The Ohio Public Records Act requires copies of public records to be made available to any person upon request. R.C. 149.43(B)(1). This action is filed under R.C. 2743.75, which is intended "to provide for an expeditious and economical procedure" to enforce the PRA in the Court of Claims. R.C. 2743.75(A)

{¶2} On September 1, 2021, the editor of requester The Sandusky Register made a request in writing to respondent Cedar Point Police Department (CPPD):

> I am making a public records request on behalf of myself and on behalf of the Sandusky Register and the Norwalk Reflector for the following records: the roster of all officers currently employed by the CPPD.

(Complaint at 3.) CPPD failed to provide either the officer roster or a written denial of the request. (Complaint at 1.) R.C. 149.43(B)(1) and (3).

{¶3} On September 17, 2021, The Register filed a complaint pursuant to R.C. 2743.75 alleging denial of access to public records by CPPD in violation of R.C. 149.43(B). The court scheduled mediation but resolution was not achieved. CPPD then failed to file the response required by R.C. 2743.75(E)(2) and the Nov. 22, 2021 Notice of Mediation Termination. The special master *sua sponte* extended the response date to December 29, 2021. (Dec. 16, 2021 Order.) On passage of the extended deadline with no filing, the special master issued a second order authorizing The Register to file a motion for default judgment but also authorizing CPPD to file a Civ.R. 6(B) motion to permit filing upon a showing of excusable neglect. (Jan. 3, 2022 Order.)

{¶4} On January 19, 2022, CPPD moved for leave to file *instanter*. CPPD's counsel did not deny the routine delivery of the court's notices to his correct mailing address, or his awareness of the procedures set out in R.C. 2743.75(E). Counsel argued only that his unfounded expectation of *electronic* notification excused his failure to file the statutory response. The special master found that CPPD counsel's persistent inaction constituted negligence and that counsel had failed to show why this negligence was excusable. (Jan. 25, 2022 Order *re respondent*.) The special master accordingly denied the motion to file *instanter* but, pursuant to R.C. 2743.75(E)(2) and in the interest of justice, directed the clerk to file CPPD's motion to dismiss.

{¶5} On January 21 and 22, 2022, The Register submitted a request for default judgment and supplement thereto. The request was signed by its editor "on behalf of the Sandusky Register, Requester." The documents failed to include proof of service on CPPD. Civ.R. 5(B)(4). The complaint names only The Sandusky Register as the filing party, listing the editor as the contact person. Unlike an individual person, a corporation may not appear in court *pro se*, but can maintain litigation or appear in court only when represented by an attorney admitted to the practice of law. *See State ex rel. Army of the Twelve Monkeys v. Warren Cty. Court of Common Pleas*, 156 Ohio St.3d 346, 2019-Ohio-901, 126 N.E.3d 1113; *Washington Cty. Dept of Human Services v. Rutter*, 100 Ohio App.3d 32, 651 N.E.2d 1360 (4th Dist.1995). The special master accordingly ordered The Sandusky Register to obtain counsel or face dismissal of the complaint without prejudice. (Jan. 25, 2022 Order *re requester*.)

{¶6} On February 4, 2022, The Register submitted additional documents including a request for default judgment "on behalf of myself." These were not submitted by legal counsel, did not seek to amend the party-complainant, and failed to include proof of service. The special master reiterated to requester that it must obtain counsel. (Feb. 7, 2022 Order.) The special master accepted and granted the editor's February 24, 2022 request for an extension of time until March 3, 2022 to obtain counsel. (Feb. 25, 2022

Order.) As of the date of this order the court has received no further contact from The Register.

Civ.R. 41(B)(1) provides that

> Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

The Register has failed to comply with the Civil Rules regarding proof of service. It has further failed to comply with court orders to obtain counsel. The special master recommends the court dismiss the complaint pursuant to Civ.R. 41(B)(1) and (3), without prejudice. *See Army of the Twelve Monkeys* at ¶ 8.

{¶7} Further, the special master is authorized to consider *sua sponte* whether a complaint should be dismissed for any reason: "Upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time." R.C. 2743.75(D)(2). Based on the same facts and circumstances discussed above, the special master separately recommends the complaint be dismissed without prejudice pursuant to R.C. 2743.75(C)(2).[1]

**Defenses Asserted**

{¶8} The above grounds for dismissal dispose of this case in its entirety, and there is thus no need to address any other defense raised in CPPD's response.

**Conclusion**

{¶9} The special master recommends the court dismiss this action without prejudice. It is recommended that costs be assessed to the requester.

{¶10} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all*

---

[1] The special master's determinations and recommendation made under the particular facts and circumstances of this case are not intended to set any bright line precedent for future recommendations.

*grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____

JEFF CLARK
Special Master

**Filed March 22, 2022**
**Sent to S.C. Reporter 4/8/22**