[Cite as *Stainbrook v. Ohio Secy. of State*, 2017-Ohio-1526.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jon Stainbrook, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 16AP-314 |
| | | (Ct. of Cl. No. 2015-551) |
| Ohio Secretary of State, | : | |
| | | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 25, 2017

**On brief:** *The Law Office of Mark Davis, LLC,* and *Mark A. Davis,* for appellant. **Argued:** *William M. Todd.*

**On brief:** *Michael DeWine,* Attorney General, *Randal W. Knutti* and *Jeanna V. Jacobus,* for appellee. **Argued:** *Randall W. Knutti.*

APPEAL from the Court of Claims of Ohio

TYACK, P.J.

{¶ 1} Jon Stainbrook is appealing from the dismissal of his lawsuit in the Court of Claims of Ohio pursuant to Civ.R. 12(B)(1) and 12(B)(6) for lack of subject-matter jurisdiction and failure to state a claim on which relief can be granted. For the following reasons, we affirm the judgment of the Court of Claims.

{¶ 2} Stainbrook assigns six errors for our consideration:

I. The Trial Court Erred In Finding the Defamation Arose Only Before June 5, 2014.

II. The Trial Court Erred By Failing to Find Defamation in Husted's June 5, Letter.

III. The Trial Court Erred Upon Dismissal of the False Light Claim.

IV. The Trial Court Erred Upon Dismissal of Wrongful Termination Claim.

V. The Trial Court Erred By Dismissing the Denial of Due Process Claim.

VI. The Trial Court Erred By Dismissing the Conspiracy Claim.

{¶ 3} Stainbrook, with the assistance of counsel, filed this lawsuit in the Court of Claims. The lawsuit asserts a variety of claims against Secretary of State Jon Husted, and other politically active individuals, both Democrats and Republicans, who were not alleged to be state employees. Thus, the lawsuit was proper only as to the Secretary of State in the Court of Claims.

{¶ 4} Stainbrook was appointed as a member of the Lucas County Board of Elections ("Board") in 2011. He was reappointed in 2014. After his reappointment, he transmitted numerous reports of what he viewed to be violations of federal and state law committed by or being committed by other members of the Board and by staff of the Board.

{¶ 5} Stainbrook felt his complaints involving the Board were not being taken seriously and, as a result according to Stainbrook, Secretary of State Husted and others decided to turn on Stainbrook and defame him. Stainbrook viewed a "Transparency Committee" appointed to investigate the situation as being nothing more than a sham committee which had the intentions to harm him politically and to defame him personally with false accusations. The Transparency Committee was comprised of a former Democratic Secretary of State, a former State Democratic Chair, a prominent Republican former Assistant Secretary of State and a prominent Republican attorney with close ties to a former Republican Governor and Secretary of State. After over 20 hours of public meetings, the Transparency Committee recommended to the Secretary of State that Stainbrook be removed from his position on the Board. The Secretary of State did so after a hearing lasting seven hours was conducted. The Secretary of State informed Stainbrook of his removal by way of a letter sent on June 5, 2014.

{¶ 6}  After Stainbrook's removal, Stainbrook filed the lengthy complaint on June 5, 2015 which initiated this lawsuit in the Court of Claims alleging: false light invasion of privacy, defamation, and slander per se.  Counsel for the Secretary of State filed a motion to dismiss the lawsuit.

{¶ 7}  The judge assigned to the Court of Claims dismissed several of the claims because the lawsuit was not filed before June 5, 2015—within one year of the allegedly false statements being made.  Thus, the suit was initiated after the time permitted by the applicable statute of limitations.  R.C. 2305.11(A).

{¶ 8}  The trial court judge separately addressed other claims which were based on a letter issued by Husted on June 5, 2014.  The complaint filed by Stainbrook states, at paragraph 49:

> [F]or the last year, countless newspapers, news outlets, and internet blogs have reported on the false contents of the Transparency Committee, Mr. Damschroder's clumsy, legally flawed, and factually inaccurate hearing officer report, and [Husted's] defamatory letter removing Mr. Stainbrook from the Lucas County Board of Elections.

{¶ 9}  The judge found that paragraph 49 was not sufficiently pled to state a claim and therefore the judge dismissed the claims which remained.  With that background, we now turn to the assigned errors.

## I. STANDARD OF REVIEW

{¶ 10}  "The standard to apply for a dismissal pursuant to Civ. R. 12(B)(1), lack of jurisdiction over the subject matter, is whether the plaintiff has alleged any cause of action cognizable by the forum."  *Avco Fin. Servs. Loan, Inc. v. Hale*, 36 Ohio App.3d 65 (10th Dist.1987).  A motion to dismiss for failure to state a claim on which relief can be granted pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty. Bd. of Comm.*, 65 Ohio St.3d 545 (1992).  In construing the complaint, the material allegations of the complaint are taken as admitted.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  All reasonable inferences must also be drawn in favor of the nonmoving party.  *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).  In order for the court to dismiss the complaint "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."  *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, syllabus.

{¶ 11} "In resolving a Civ.R. 12(B)(6) motion to dismiss, the trial court may consider only the statements and facts contained in the pleadings, and may not consider or rely on evidence outside the complaint." *Powell v. Vorys*, 131 Ohio App.3d 681, 684 (10th Dist.1998). Indeed, when construing the complaint in favor of the nonmoving party, a court is " 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Carasalina, LLC v. Smith Phillips & Assocs.*, 10th Dist. No. 13AP-1027, 2014-Ohio-2423, ¶ 14, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *see also Haas v. Village of Stryker*, 6th Dist. No. WM-12-004, 2013-Ohio-2476, ¶ 10 (Only factual allegations are presumed to be true and only claims supported by factual allegations can avoid dismissal.).

{¶ 12} As an appellate court, we must independently review the complaint to determine if dismissal was appropriate. *McGlone v. Grimshaw*, 86 Ohio App.3d 279, 285 (4th Dist.1993). A motion to dismiss or a motion for judgment on the pleading based on the bar of the statute of limitations should be granted only if the complaint conclusively demonstrates on its face that the action is barred by the statute of limitations. *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982), paragraph three of the syllabus.

## II. DEFAMATION

{¶ 13} The first assignment of error contests the trial court's finding that the alleged defamation occurred more than one year before the lawsuit was initiated. Counsel for Stainbrook argues that paragraph 47 of the complaint pleads facts indicating defamation after the time of Stainbrook's removal from the Lucas County Board of Elections. Paragraph 47 reads:

> The Secretary widely publicized Mr. Stainbrook's removal in a report posted to his website and in releases to the media. The Secretary gave multiple media interviews and video statements that were distributed and broadcast throughout Ohio and the United States. Mr. Stainbrook's good name was dragged through the mud on news channels, newspapers, and the internet, and Mr. Stainbrook became fodder for unjust ridicule and embarrassment. Stories with titles, such as, *Elections Board to Investigate Stainbrook, Member Accused of Wrongdoing by Former Employee* appeared and were read widely. Moreover, the Secretary escalated the negative publicity over the ensuing months

> during his public speaking engagements and during his re-election campaign fundraisers.

Paragraph 47 seems to state that the fact of Stainbrook's removal from the Lucas County Board of Elections was published. His removal from the Board of Elections is an undeniable fact. Although that fact may be embarrassing for Stainbrook, a true fact cannot be the basis for a defamation lawsuit.

{¶ 14} To establish a defamation claim, a plaintiff must show that the defendant made a false statement, that the false statement was defamatory, that the false defamatory statement was published, the plaintiff was injured and the defendant acted with the required degree of fault. *Roe v. Heap*, 10th Dist. No. 03AP-586, 2004-Ohio-2504, ¶ 21. No fact except the fact of Stainbrook's removal is alleged and that the Secretary of State escalated publicity of that.

{¶ 15} The complaint does not properly assert any claim for defamation after the date of June 5, 2014. Any claim for defamation based on an action that allegedly occurred before June 5, 2014 is time-barred. R.C. 2305.11(A) provides that "[a]n action for libel [and] slander * * * shall be commenced within one year after the cause of action accrued." A cause of action for defamation accrues upon publication of the complained matter. *Guccione v. Hustler Magazine, Inc.*, 64 Ohio Misc. 59 (1978). "A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred." *Ohio Bur. of Workers' Comp. v. McKinley*, 103 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13, citing *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, ¶ 11. The trial court was correct in its ruling.

{¶ 16} The first assignment of error is overruled.

{¶ 17} The second assignment of error asserts specifically that the letter sent to Stainbrook on June 5, 2014, informing Stainbrook of the termination of his position with the Lucas County Board of Elections was, itself, defamatory. For the purpose of a Civ.R. 12B(6) analysis, we are limited to only the statements and facts contained in the pleadings, and may not consider or rely on evidence outside the complaint. *Powell* at 684.

{¶ 18} Sending the letter was a duty of the Secretary of State. One of the defenses to a defamation claim is one of qualified privilege, in which the interest that the defendant is seeking to vindicate is conditioned upon publication in a reasonable manner and for a proper purpose. *Hahn v. Kotten,* 43 Ohio St.2d 237, 243 (1975). " '[P]ublication is privileged when it is 'fairly made by a person in the discharge of some public or private duty, whether legal or moral, or in the conduct of his own affairs, in matters where his interest is concerned.' " *Id.,* quoting Restatement of Law, Torts, Section 115 at 786 (4th Ed.1978). A qualified privilege may be defeated only by clear and convincing evidence of actual malice on the part of the defendant. *Jacobs v. Frank,* 60 Ohio St.3d 111, 114-15 (1991). Actual malice is defined as "acting with knowledge that the statements are false or acting with reckless disregard as to their truth or falsity." *Id.* at 116.

{¶ 19} To constitute the basis for a recoverable claim for defamation and overcome the defense of qualified privilege, Stainbrook must allege that the June 5, 2014 letter was sent with actual malice. *See Id.*

{¶ 20} The complaint does not assert actual malice in the June 5, 2014 letter. The June 5 letter was not appropriately pled as the basis for a claim in defamation. The June 5 letter was never alleged to be false or published with reckless disregard to the truth that Stainbrook was removed. We are not bound to accept Stainbrook's legal conclusion, couched as a factual allegation, that the letter was defamatory. *Carasalina* at ¶ 14. Only factual allegations are true or false. Only claims supported by factual allegations can avoid dismissal. *See Haas* at ¶ 10.

{¶ 21} The second assignment of error is overruled.

### III. FALSE LIGHT INVASION OF PRIVACY

{¶ 22} The third assignment of error argues that the trial court erred in dismissing the false light invasion of privacy claim. At oral argument, Stainbrook asserted that false light claims are governed by R.C. 2305.09(D) and subject to a four-year statute of limitations. Stainbrook also argues in his brief that the statute of limitations is two years based upon our holding in *McIntyre v. Ohio Bureau of Workers' Comp.,* 10th Dist. No. 12AP-1062, 2013-Ohio-2338.

{¶ 23} The tort of false light invasion of privacy was adopted in Ohio in 2007:

> In Ohio, one who gives publicity to a matter concerning another that places the other before the public in a false light

> is subject to liability to the other for invasion of his privacy if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451, ¶ 61. Thus, a person has a right of privacy to be free from: unreasonable intrusions upon their seclusion, appropriation of their name or likeness, unreasonable publicity given to their private life and publicity that unreasonably places them in a false light before the public. *Id.* at ¶ 26-32. The Supreme Court of Ohio recognized that there is extensive overlap between false light and defamation claims. *Id.* at ¶ 61.

> In many cases to which the rule stated here applies, the publicity given to the plaintiff is defamatory, so that he would have an action for libel or slander * * *. In such a case the action for invasion of privacy will afford an alternative or additional remedy, and the plaintiff can proceed upon either theory, or both, although he can have but one recovery for a single instance of publicity.

*Id.* at ¶ 57, quoting Restatement of the Law 2d, Torts, Section 652E, Comment b.

{¶ 24} The nature of defamation claims and privacy right claims differs. First, in defamation law only statements that are false are actionable, while in privacy law, other than in false light cases, the facts published are true; indeed, it is the very truth of the facts that creates the claimed invasion of privacy. *Welling* at ¶ 47, quoting *West v. Media Gen. Convergence, Inc.*, Tenn. No. M2001-00141-SC-R23-CQ, 53 S.W.3d 640, 645-46 (Aug. 23, 2001). Second, in defamation cases the interest sought to be protected is the objective reputation, either economic, political, or personal, in the outside world, while in privacy cases the interest affected is the subjective one of injury to the inner person. *Id.* Last, where the issue is truth or falsity, in defamation cases the marketplace of ideas furnishes a forum in which the battle can be fought. *Id.* By contrast, in privacy cases resorting to the marketplace simply accentuates the injury. *Id.*

{¶ 25} While defamation claims and false light claims protect against different aspects of an individual, their public reputation and right to privacy respectively, both claims can normally arise out of the same set of facts. When both defamation and false

light theories can be pursued out of the same instance of publicity there can be but one recovery. *Welling* at ¶ 57.

{¶ 26} The Supreme Court of Ohio, recognizing the concerns of protecting First Amendment rights, stated: "[f]alse-light defendants enjoy protections at least as extensive as defamation defendants." *Id.* at ¶ 58. The expiration of the statute of limitations is an affirmative defense. *Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, 59 (1974); *Jude v. Franklin Cty.*, 10th Dist. No. 03AP-1053, 2004-Ohio-2528 (the expiration of the statute of limitations may be raised in a Civ.R. 12(B)(6) motion when it is apparent from the face of the complaint). "The bar of the statute of limitations is an affirmative defense and it is not one of the defenses specifically permitted to be raised by Civ.R. 12(B) prior to a responsive pleading unless the complaint conclusively shows on its face that it is barred by the statute of limitations." *Walker v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 15AP-520, 2015-Ohio-5371, ¶ 4, citing *Mills*.

{¶ 27} We find, therefore, that a false light invasion of privacy claims involving allegations that would also support a defamation claim has the same statute of limitations applied to it as the defamation claim. This is based on the ruling that false light defendants enjoy protections at least as extensive as defamation defendants. *Welling* at ¶ 58. False light claims are subject to a one-year statute of limitations pursuant to R.C. 2305.11(A). To find otherwise would eviscerate the one-year statute of limitations imposed on defamation claims due to the substantially similar nature of the factual elements that give rise to defamation and false light claims; the practical effect of which would allow almost all defamation claims to be pled as false light claims.

{¶ 28} The United States Southern District of Ohio also addressed this same issue in which the defendant argued that false light claims are subject to a one-year statute of limitations, while the plaintiff argued a four-year statute of limitations pursuant to R.C. 2305.09(D). *Murray v. Moyers*, S.D.Ohio No. 2:14-CV-02334 (Sept. 24, 2015). The United States District Court recognized that there are certain allegations that can only be brought in a false light invasion of privacy claim that a party had been wrongfully portrayed as poverty-stricken, or suffering from a terminal illness. *Murray*; *see Welling*. "In [] case[s] involving allegations that would support both a defamation and false-light invasion of privacy, [the] Court holds that Ohio law applies a one-year statute of

limitations. * * * To hold otherwise would essentially eliminate the one-year statute of limitations for defamation claims under O.R.C. §2305.11(A)." (Emphasis sic.) *Murray* at 10.

{¶ 29} Our finding in this case is distinguishable from our holding in *McIntyre* which found that the false light claim could not overcome the defense of qualified privilege, not that it was barred by the statute of limitations.

{¶ 30} In light of the facts alleged in the complaint, Stainbrook bases his false light invasion of privacy claim on the same set of facts as his defamation claim. "The Secretary, through the use of the Transparency Committee, Mr. Damschroder, and others, acted with knowledge or in reckless disregard as to the falsity of the statements made during the Transparency Committee, and the subsequent hearing, and his and their subsequent statements have cast a false light upon Mr. Stainbrook." (Complaint at ¶ 71.) The false light claim is predicated on the exact same instance as his defamation claim. The complaint does not allege any instance that invaded Stainbrook's right to privacy after the June 5, 2014 letter. "On June 5, 2014, the Secretary removed Mr. Stainbrook based on Mr. Damschroder's irregular report **and** the irregular proceedings of the Transparency Committee." (Emphasis sic.) (Complaint at ¶ 41.)

{¶ 31} A one-year statute of limitation applies to all instances before June 5, 2014 leaving only the letter sent by the Secretary of State. We have already found that this letter is protected by qualified privilege against defamation and therefore is also protected against false light claims as any defendant of a false light claim enjoys protections at least as extensive as a defendant in a defamation claim. *Welling* at ¶ 58.

{¶ 32} Since the false light claim is limited to the Secretary of State's June 5, 2014 letter, we again, as above, find that Stainbrook has failed to allege, in paragraph 47 of the complaint or any other paragraph, anything other than Stainbrook's removal from the Board. The June 5, 2014 letter was never alleged to be false or published with reckless disregard to the truth, which would be necessary to overcome a defense of qualified privilege. The only facts stated were that Stainbrook was removed from his position and that the Secretary of State escalated the negative publicity of Stainbrook's removal over the ensuing months during the Secretary of State's public speaking engagements and during his re-election campaign fundraisers. The letter was based on the earlier alleged

instance of alleged invasions of privacy perpetrated by the Transparency Committee, "the Secretary removed Mr. Stainbrook based on Mr. Damschroder's irregular report **and** the irregular proceeding of the Transparency Committee."  (Emphasis sic.) (Complaint at ¶ 41.)

{¶ 33} There are no instances within the one-year statute of limitations other than the June 5, 2014 letter which is, itself, protected by qualified privilege on which to base the false light claim.  Stainbrook has failed to state a false light invasion of privacy claim on which relief can be granted.

{¶ 34} The third assignment of error is overruled.

## IV. WRONGFUL TERMINATION

{¶ 35} The complaint filed on behalf of Stainbrook does not plead the elements of a wrongful termination claim.  Ohio is a notice-pleading state, "Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity." *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 29.  Notice pleading under Civ.R. 8(A)(1) and (E) requires that a claim concisely set forth only those operative facts sufficient to give "fair notice of the nature of the action." *Ford v. Brooks*, 10th Dist. No. 11AP-664, 2012-Ohio-943, ¶ 13 (internal quotations omitted).  "Nevertheless, to constitute fair notice, the complaint must allege sufficient underlying facts that relate to and support the alleged claim; the complaint may not simply state legal conclusions." *Montgomery v. Ohio State Univ.*, 10th Dist. No. 11AP-1024, 2012-Ohio-5489, ¶ 20 (internal quotations omitted).

{¶ 36} The complaint asserts that Stainbrook felt he was improperly removed from his position with the Board, but Stainbrook's feelings do not convert the complaint into a claim for wrongful termination.  Further, Stainbrook has not asserted that he was employed by the Ohio Secretary of States' office from which he could be terminated.

{¶ 37} The fourth assignment of error is overruled.

## V. THE COURT OF CLAIMS HAS NO JURISDICTION OVER CONSTITUTIONAL RIGHTS

{¶ 38} The Court of Claims does not have jurisdiction over constitutional claims such as a claim alleging denial of due process of law.  It has been established that the Court of Claims lacks subject-matter jurisdiction over alleged violations of constitutional

rights.  *Bleicher v. Univ. of Cincinnati College of Med.*, 78 Ohio App.3d 302, 306 (10th Dist.1992).  Such claims have always been permissible in Ohio's courts of common pleas, especially under the terms of 14 U.S.C. 1983.  The Court of Claims was correct to dismiss the due process claim.

{¶ 39}  The fifth assignment of error is overruled.

## VI. CIVIL CONSPIRACY CLAIM IS OUTSIDE THE STATUTE OF LIMITATIONS

{¶ 40} The sixth assignment of error argues the trial court erred in dismissing Stainbrook's civil conspiracy claim.  The statute of limitations for a conspiracy claim depends on the question of "conspiracy to do what?"  An underlying unlawful act is required for a civil conspiracy claim to succeed.  *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475 (1998).  To establish liability, plaintiff must prove that an unlawful overt act produced an injury and damages.  *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir.1983).  The "what" here was to do things governed by a one-year statute of limitations and, as stated above, Stainbrook can prove no unlawful act.  Any alleged conspiracy would be outside the statute of limitations.

{¶ 41}  The sixth assignment of error is overruled.

{¶ 42} All six assignments of error having been overruled, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.

———————————