[Cite as *State ex rel. Sultaana v. MedCare Ambulance*, 2023-Ohio-3856.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Amirah Sultaana, | : | |
| Relator, | : | |
| | : | No. 23AP-95 |
| v. | : | (REGULAR CALENDAR) |
| Medcare Ambulance, | : | |
| Respondent]. | : | |

D E C I S I O N

Rendered on October 24, 2023

**On brief:** *Amirah Sultaana*, pro se.

**On brief:** *Karen M. Cadieux*, and *Theodore M. Munsell*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, J.

{¶ 1} Relator, Amirah Sultaana, commenced this original action in mandamus seeking a writ ordering respondent, Medcare Ambulance ("Medcare"), to comply with her public records request and to correct certain patient records.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. Medcare moved to dismiss the complaint, asserting it failed to state a claim upon which relief could be granted because relator had no clear legal right to the relief sought and Medcare had no clear legal duty to perform the requested acts. The magistrate issued a decision, including findings of fact and conclusions

of law, which is appended hereto. The magistrate recommends this court grant Medcare's motion to dismiss relator's mandamus complaint.

{¶ 3}    Relator has filed the following five objections to the magistrate's decision:

> [I.] Respondent did not attach any affidavit in its dismissal demand swearing, under oath that it's entity is not applicable to the mandates of Ohio Revised Code 149.43.
>
> [II.] Relator objects that the fact the magistrate did not take judicial notice on the appropriate matter if the respondent is a public record office pursuant to R.C. 149.43.
>
> [III.] Relator asserts once she noted in her complaint/affidavit she sought an order to compel to her Ohio public record request the minimum notice was provided.
>
> [IV.] Objection to magistrate lodged case laws on page 9 (OAS19-R41) in support to his decision because the cases are not original actions but regular civil cases where mandated affidavits of verity are not required at time of filing of complaint.
>
> [V.] Relator objects to magistrate bootstraping her public record request to her "in addition" claim to have respondent correct its patient records.

(Sic passim.)

{¶ 4}    In her first objection, relator asserts Medcare failed to support its motion to dismiss with an affidavit attesting it is not subject to the Public Records Act.  As explained in the magistrate's decision, a motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint.  *State ex rel. Cartwright v. Ohio Adult Parole Bd.*, 10th Dist. No. 20AP-62, 2021-Ohio-923, ¶ 7.  A party moving to dismiss for failure to state a claim " 'may not rely on allegations or evidence outside the complaint; otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment.' "  *Id.*, quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992).  "Generally, under Civ.R. 12(B)(6), a [movant] is not permitted to support its motion to dismiss for failure to state a claim by relying on anything outside the complaint."  *Id.* at ¶ 8.  Thus, Medcare was not required to support its motion to dismiss with an affidavit averring that it is not subject to the Public Records Act, and had Medcare

done so, it would have been necessary to treat its motion to dismiss as a motion for summary judgment. Accordingly, we overrule relator's first objection.

{¶ 5} Relator's second objection asserts the magistrate failed to take judicial notice of Medcare being the functional equivalent of a public office. As explained in the magistrate's decision, the Supreme Court of Ohio has held that "[p]rivate entities are not subject to the Public Records Act absent a showing by clear and convincing evidence that the private entity is the functional equivalent of a public office." *State ex rel. Oriana House, Inc. v. Montgomery*, 110 Ohio St.3d 456, 2006-Ohio-4854, paragraph one of the syllabus. The *Oriana House* decision sets forth a multi-factor functional equivalency test to be used when determining whether a private entity constitutes a public office for purposes of the Public Records Act. *Id.* at paragraph two of the syllabus. Relator argues the magistrate should have taken judicial notice that Medcare was the functional equivalent of a public office because it is engaged in providing medical transportation services.

{¶ 6} Under Evid.R. 201(B), a court may take judicial notice of facts not subject to reasonable dispute. *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18. *See State v. Murphy*, 10th Dist. No. 12AP-952, 2013-Ohio-5599, ¶ 23 ("Pursuant to Evid.R. 201, a court, including an appellate court, may take judicial notice of adjudicative facts at any stage of the proceedings."). A court may take judicial notice of appropriate matters, including prior proceedings in the case, when ruling on a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9. The question of whether Medcare is the functional equivalent of a public office is not a fact but, rather, requires the application of the law to the facts to reach a conclusion. Therefore, it is not an appropriate matter for judicial notice. Accordingly, we overrule relator's second objection.

{¶ 7} Relator's third objection asserts she satisfied the requirements of notice pleading by citing the Public Records Act in her complaint. Ohio is a notice pleading state, which requires a plaintiff to allege sufficient facts to give the defendant fair notice of a claim. *Wiltz v. Accountancy Bd. of Ohio*, 10th Dist. No. 14AP-645, 2015-Ohio-2493, ¶ 13. " '[T]o constitute fair notice, the complaint must allege sufficient underlying facts that relate to and support the alleged claim; the complaint may not simply state legal conclusions.' "

*Stainbrook v. Ohio Secy. of State*, 10th Dist. No. 16AP-314, 2017-Ohio-1526, ¶ 35, quoting *Montgomery v. Ohio State Univ.*, 10th Dist. No. 11AP-1024, 2012-Ohio-5489, ¶ 20.

**{¶ 8}** To obtain a writ of mandamus compelling compliance with the Public Records Act, "the requester must demonstrate that the requester has a clear legal right to compel the public office or person responsible for public records to allow the requester to inspect or copy the public record and that the public office or person responsible for public records has a clear legal duty to do so." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, ¶ 24. Thus, "[i]n a mandamus-enforcement action, the [public records] requester's basic burden of production is to plead and prove facts showing that he or she requested a public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Id.* at ¶ 26. An implicit element of this burden is establishing that the entity or individual from whom the records were requested is subject to the Public Records Act. *See Viola v. Cuyahoga Cty. Prosecutor's Office*, Ct. of Claims No. 2020-00506PQ, 2021-Ohio-397, ¶ 6 (holding that an implicit element of the burden of production in a public records mandamus claim is to show that the items sought met the statutory definition of records under the Public Records Act). As the magistrate's decision correctly notes, relator's complaint contained no allegation that Medcare was a public office or the functional equivalent of a public office for purposes of the Public Records Act; instead, the complaint merely mentioned the Public Records Act and broadly averred that Medcare was subject to a legal duty to provide the records relator sought. Thus, relator's complaint lacked sufficient underlying facts relating to and supporting her Public Records Act claim. *See Stainbrook* at ¶ 35. Accordingly, we overrule relator's third objection.

**{¶ 9}** In her fourth objection, relator objects to the magistrate's citation of non-mandamus decisions in support of his decision. The magistrate cited civil case decisions not involving mandamus claims in his discussion of the standard for a motion to dismiss under Civ.R. 12(B)(6) and the requirements of notice pleading. Loc.R. 2(B) of the Tenth District Court of Appeals provides that the Ohio Rules of Civil Procedure, as supplemented by the local rules, govern procedure in original actions in this court. Similarly, Loc.R. 13(A) provides that original actions in this court "shall proceed as any civil action under the Ohio Rules of Civil Procedure." Because the civil rules applied in this case, the magistrate did

not err in relying on non-mandamus civil decisions addressing the standards for a motion to dismiss.  Accordingly, we overrule relator's fourth objection.

{¶ 10} Finally, in her fifth objection, relator objects to the magistrate "bootstrapping" her public records claim to her claim for correction of patient records. Relator appears to assert these were separate claims raised in her complaint and admits that the Public Records Act does not provide for correction of records.  Relator's complaint appears to assert an "additional" claim requesting that Medcare correct Hakeem Sultaana's patient records; however, other than a broad reference to the Public Records Act, the complaint does not allege any basis for a clear legal right to have those records corrected or a clear legal duty on the part of Medcare to provide that relief.  Therefore, the magistrate reasonably construed relator's complaint as asserting the Public Records Act as the basis for this relief.  Because, as relator concedes, the Public Records Act does not provide for correction of records, the magistrate properly concluded relator's claim for correction of records failed to state a claim upon which relief could be granted.  Accordingly, we overrule relator's fifth objection.

{¶ 11} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore overrule relator's five objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Accordingly, respondent's motion to dismiss is granted, and relator's complaint for a writ of mandamus is dismissed.

*Objections overruled*;
*motion to dismiss granted*; *action dismissed.*

BEATTY BLUNT, P.J., and BOGGS, J., concur.

———————————

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Amirah Sultaana, | : | |
| Relator, | : | |
| v. | : | No. 23AP-95 |
| Medcare Ambulance, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 24, 2023

---

*Amirah Sultaana,* pro se.

*Carpenter Lipps LLP, Karen M. Cadieux,* and *Theodore M. Munsell,* for respondent.

---

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 12} Relator, Amirah Sultaana, has filed this original action seeking a writ of mandamus ordering respondent, Medcare Ambulance, to comply with her public records request pursuant to R.C. 149.43 and to correct certain patient records. Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

**I. Findings of Fact**

{¶ 13} 1. Relator is an individual residing in Ohio who sought records from respondent.

{¶ 14} 2. Respondent is an entity engaged in medical transportation services.

{¶ 15} 3. Relator filed a complaint in the instant mandamus action on February 10, 2023.

{¶ 16} 4. In her complaint, relator sought an "order to compel respondent * * * to compel [sic] with her Ohio Public Record Request and to do its duty under the mandamus prongs of this state." (Emphasis removed.) (Compl. at 5.) Relator stated that "attached are all of Relator's Ohio Public Records Request to Respondent." (Emphasis removed.) (Compl. at 5.) Additionally, relator sought "an order from this Court to compel [respondent] to correct its patient records pertaining to her son Hakeem Sultaana's July 2nd, 2022 service." (Emphasis removed.) (Compl. at 5.) Relator further stated that "the critical issues seeks that this Court compel [respondent] to provide her with her public record office request and to correct that her son Hakeem Sultaana was not mentally capable or physically capable to make decisions and that he had no next of kin on respondent's July 2nd, 2022 patient record run sheet." (Emphasis removed.) (Compl. at 5.) Relator stated she "has a clear legal right to her public record request / compel request to be performed by Respondent since its [sic] their duty under law." (Emphasis removed.) (Compl. at 5.)

{¶ 17} 5. In the affidavit of verity attached to her complaint, relator stated the following:

> I, Amirah Sultaana, seeks an order from this Court to compel MedCare Ambulance dba MedF[l]ight of Ohio to provide her with lawful Ohio Public Record Request pertaining to her son Hakeem Sultaana July 2nd, 2022 services rendered by MedCare Ambulance dba MedFlight of Ohio.
>
> In addition, I seek an order to compel Respondent to correct its patient records pertaining to her son Hakeem Sultaana July 2nd, 2022 services incident report number 263523.
>
> In particulars,
>
> [One] to correct its patient records noting that Hakeem Sultaana was mentally and physically incapable of making decisions.
>
> [Two] to correct its patient records noting that Hakeem Sultaana has no next kin.
>
> [Three] to correct its patient records noting that Hakeem Sultaana admitted to MedCare Ambulance that he used Meth and had been up for four days off of Meth.
>
> [Four] to correct its patient records noting that Hakeem Sultaana was incapable / could not sign.

[Five] and to correct its patient records noting that Hakeem Sultaana was forced to go with MedCare Ambulance after he refused service while under duress.

(Emphasis removed.) (Compl. at 7-8. )

{¶ 18}  6. Relator filed an affidavit of indigency on February 10, 2023 with a motion to waive costs. Relator filed a motion to waive fees on February 28, 2023.

{¶ 19}  7. Respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on March 14, 2023.

{¶ 20}  8. The magistrate provisionally granted relator's motion to proceed in forma pauperis on March 20, 2023.

{¶ 21}  9. On April 4, 2023, relator filed a pleading captioned "Relator, Amirah Sultaana's opposition to respondent Medcare Ambulance motion to dismiss (finding of fact demand) with emergency motion to deploy Ohio Civil Rule 19 in joining Hakeem Sulataana as a party." (Emphasis removed.)

{¶ 22}  10. Respondent filed a reply in support of its motion to dismiss on April 11, 2023.

## II. Discussion and Conclusions of Law

{¶ 23} In its motion to dismiss, respondent asserts relator's complaint must be dismissed for failing to state a claim because relator has not alleged facts supporting that respondent is a public official or entity under a clear legal duty to perform the requested acts. Respondent also argues relator has not alleged a clear legal right to the requested relief or the absence of an adequate remedy at law. Finally, respondent asserts relator is engaging in the unauthorized practice of law, thereby necessitating dismissal of the complaint.

## A. Review of a Motion to Dismiss in Mandamus

{¶ 24} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C).

{¶ 25} A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 11, citing *State ex rel.*

*Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 10th Dist. No. 09AP-352, 2009-Ohio-5976, ¶ 9, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Provided there is a set of facts, consistent with the complaint, under which the complaining party could recover, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 23, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 26} Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.). Rather, " '[i]f a Civ.R. 12(B)(6) movant relies on evidence outside of the complaint and its attachments, then Civ.R. 12(B) specifies that the motion must either be denied or converted to a summary judgment motion, which would proceed under Civ.R. 56.' " *Id.*, quoting *Acierno* at ¶ 30, citing *Petrey v. Simon*, 4 Ohio St.3d 154, 156 (1983). *See Brust v. Franklin Cty. Sheriff's Office*, 10th Dist. No. 15AP-488, 2015-Ohio-5090, ¶ 6, quoting *Petrey* at paragraph one of the syllabus (stating that " '[a] court must notify all parties when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment' ").

{¶ 27} Nevertheless, when determining whether a relator's complaint states a claim for a writ, a court may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute insofar as they affect the current original action. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. "Ohio courts may take judicial notice in 'writ action[s] without converting * * * [a] dismissal motion to a motion for summary judgment.' " *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9, quoting *State ex rel. Nelson v. Russo*, 89 Ohio St.3d

227, 228 (2000). *See Pearson v. Columbus*, 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10 (stating that a court is permitted to "take judicial notice of 'appropriate matters' in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment").

{¶ 28} In order for a court to issue a writ of mandamus, a relator must establish (1) the relator has a clear legal right to the requested relief, (2) the respondent is under a clear legal duty to provide the relief, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983), citing *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978).

**B. Public-Records Mandamus Cases under Ohio Law**

{¶ 29} Ohio's Public Records Act, which is codified at R.C. 149.43, requires that "requestors have full access to public records unless the requested records fall within one of the exceptions specifically enumerated in the act." *State ex rel. Fair Housing Opportunities of Northwest Ohio v. Ohio Fair Plan*, 10th Dist. No. 20AP-351, 2022-Ohio-385, ¶ 7, citing *State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental Protection Agency*, 88 Ohio St.3d 166, 170 (2000). "The Public Records Act reflects [Ohio's] policy that 'open government serves the public interest and our democratic system.' " *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, ¶ 13, quoting *State ex rel. Dann v. Taft*, 109 Ohio St.3d 364, 2006-Ohio-1825, ¶ 20.

{¶ 30} For purposes of R.C. 149.43, "public records" are defined as "records kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, and records pertaining to the delivery of educational services by an alternative school in this state kept by the nonprofit or for-profit entity operating the alternative school pursuant to [R.C.] 3313.533." Pursuant to R.C. 149.011, a "public office" includes "any state agency, public institution, political subdivision, or other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government."

{¶ 31} Mandamus is an appropriate remedy to compel compliance with the Public Records Act. *State ex rel. Physicians Comm. for Responsible Medicine v. Bd. of Trustees of Ohio State Univ.*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 6; R.C. 149.43(C)(1)(b). To prevail on a mandamus claim in a public-records case, a party must establish a clear legal right to

the requested relief and a corresponding clear legal duty on the part of the respondent to provide such relief. *State ex rel. Ellis v. Maple Hts. Police Dept.*, 158 Ohio St.3d 25, 2019-Ohio-4137, ¶ 5.

## C. Application

{¶ 32} First, respondent argues relator has failed to allege the lack of an adequate remedy at law. However, unlike in other mandamus cases, a relator in a public-records mandamus action does not need to establish the lack of an adequate remedy in the ordinary course of the law. *State ex rel. ACLU of Ohio v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, ¶ 24. Therefore, dismissal is not appropriate on this basis.

{¶ 33} Next, respondent asserts the complaint must be dismissed because relator is engaging in unauthorized practice of law. R.C. 4705.01 provides in pertinent part:

> No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules.

Thus, "only a licensed attorney may file pleadings on behalf of another party in court." *State ex rel. Army of the Twelve Monkeys v. Warren Cty. Court of Common Pleas*, 156 Ohio St.3d 346, 2019-Ohio-901, ¶ 5, citing *Disciplinary Counsel v. Givens*, 106 Ohio St.3d 144, 2005-Ohio-4104, ¶ 7. "A complaint filed by a nonattorney in violation of R.C. 4705.01 should be dismissed without prejudice." *Id.*

{¶ 34} Respondent argues relator is engaged in the unauthorized practice of law because she filed this action "on behalf of her son, Hakeem Sultaana, based on what appears to be a power of attorney." (Respondent's Mot. to Dismiss at 7.) Respondent supports this by arguing that "[i]t is [Hakeem Sultaana's] records that [relator] seeks to obtain and 'correct.'" (Respondent's Reply in Support of its Mot. to Dismiss at 9.) Relator disputes the argument that she is engaged in the unauthorized practice of law. She states that "[a]s an Ohio citizen [relator] can make a public record request to any public record office" and that she "is not filing her public record request on behalf of her son." (Relator's Memo. in Opp. at 8.)

{¶ 35} Based on the complaint alone, the question of whether relator is engaged in the unauthorized practice of law under R.C. 4705.01 by representing the interests of Hakeem Sultaana is not easily answered. A review of the complaint and its attachments provides some support for a finding of unauthorized practice of law. At the outset, relator's initial pleading, which includes her complaint, does not actually begin with her complaint. Rather, it begins with a letter from nonparty Hakeem Sultaana to respondent and the affidavit of Hakeem Sultaana. The pleading also includes several documents which are apparently offered as evidence of prior public records requests submitted to respondent in the name of Hakeem Sultaana. One such document, which was signed by Hakeem Sultaana, contains the following: "Hakeem Sultaana is submitting authorization release of all EMS services information regarding July 2, 2022 service and including EKG and reason for the call. * * * Records to be released to mother Amirah Sultaana." (Compl. at 30-31.) Additionally, relator attached a document signed by Hakeem Sultaana in which he "gives power of attorney to Amirah Sultaana." (Compl. at 32.) In another, relator appears to assert both her own interest in a public record and that of Hakeem Sultaana, stating: "I am again requesting seeking [sic] my corrected records request and your department's disposition on Hakeem Sultaana corrected records request." In her affidavit of verity, relator describes herself as "beneficially interested/attorney in fact." (Compl. at 7.) On one document, relator's name alone appears as the person "requesting entire records." (Compl. at 15.) Although it may be possible to find relator is actually engaged in the unauthorized practice of law by representing the interests of Hakeem Sultaana, such conclusion, for purposes of this motion to dismiss, is not certain and, therefore, may best be characterized as premature. As a result, dismissal on that basis is not warranted.

{¶ 36} Next, respondent asserts the complaint must be dismissed because relator has failed to allege facts establishing respondent is a public official or entity under a clear legal duty to perform the requested acts. Respondent points to the maxim that " '[m]andamus will not lie to enforce a private right against a private person.' " *State ex rel. Russell v. Duncan*, 64 Ohio St.3d 538, 538 (1992), quoting *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967), paragraph eight of the syllabus. While this remains true in general, it is not determinative in the context of public records actions.

{¶ 37} The Supreme Court of Ohio has held that a private entity can be subject to the provisions of the Public Records Act if it is established by clear and convincing evidence

that such private entity is the functional equivalent of a public office. *State ex rel. Oriana House, Inc. v. Montgomery*, 110 Ohio St.3d 456, 2006-Ohio-4854, paragraph one of the syllabus. *See also State ex rel. Toledo Blade Co. v. Ohio Bur. of Workers' Comp.*, 106 Ohio St.3d 113, 2005-Ohio-3549 (granting mandamus to compel a state agency, its administrator, and two limited-liability companies organized to receive state-agency contributions to provide access to public records). In determining whether a private entity is the functional equivalent of a governmental agency, a court must analyze all relevant factors, including, but not limited to: "(1) whether the entity performs a governmental function, (2) the level of government funding, (3) the extent of government involvement or regulation, and (4) whether the entity was created by the government or to avoid the requirements of the Public Records Act." *Oriana House* at paragraph two of the syllabus. "Applying the functional-equivalency test requires a case-by-case analysis, examining all pertinent factors with no single factor being dispositive." *Id.* at ¶ 23. Thus, while it may be true that respondent is a private entity, this alone does not resolve the question of whether it is subject to the Public Records Act under the functional equivalency test.

{¶ 38} Acknowledging the existence of the functional equivalency test in its reply in support of its motion to dismiss, respondent argues relator's complaint must nevertheless be dismissed because the complaint fails to meet minimal pleading requirements in alleging the existence of a clear legal duty. Respondent argues "[t]here is simply no basis from which it could be found that [relator] alleged facts that could be used to infer that [respondent] is a public office" and that "[t]here is nothing in the Complaint that supports a claim that [relator] is entitled to public records from a private ambulance company." (Respondent's Apr. 11, 2023 Reply at 7.)

{¶ 39} " 'A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), quoting *State ex rel. Alford v. Willoughby Civ. Serv. Comm.*, 58 Ohio St.2d 221, 224 (1979). *See State ex rel. Williams v. Bessey*, 10th Dist. No. 08AP-158, 2009-Ohio-5852, ¶ 4. This threshold is consistent with the notice pleading standard contained in Civ.R. 8(A), which requires that a pleading "shall contain (1) a short and plain statement of the claim showing that the party

is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."

{¶ 40} In this case, the complaint is devoid of any allegation that respondent is a public office for purposes of the Public Records Act. Relator does not allege that respondent is a state agency, public institution, political subdivision, or other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government. While a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint, there is not even an articulated legal proposition in relator's complaint that respondent qualifies as a public office. Instead, relator merely mentions the Public Records Act and offers the unsupported conclusion that respondent is subject to a "duty under law" to provide the requested relief. (Compl. at 5.)

{¶ 41} Nor does relator allege that respondent is subject to the Public Records Act under the functional equivalency test or provide any facts or reasons suggesting the applicability of the test. There is no allegation that respondent is engaged in a governmental function, funded by the government, has government involvement, or was created by the government or to avoid the requirements of the Public Records Act. This is particularly problematic where, as here, all reasonable appearances indicate that records are being sought from a private entity. The Supreme Court of Ohio has emphatically held that private entities are presumed *not* to be subject to the Public Records Act. *Oriana House* at ¶ 26.

{¶ 42} Although relator is not required to allege in her complaint every fact she intends to prove in order to survive a motion to dismiss under Civ.R. 12(B)(6), she must still allege enough facts to show entitlement to relief. Here, as detailed above, relator has failed to allege any facts whatsoever to raise a reasonable inference that respondent is subject to the Public Records Act or under some other legal duty enforceable in mandamus. Therefore, because relator has not alleged the existence of a legal duty with sufficient particularity to meet the minimal requirements of notice pleading, the complaint is subject to dismissal for failing to state a claim upon which relief can be granted. *See Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, ¶ 19; *Poole v. Lenzly*, 1st Dist. No. C-130141, 2013-Ohio-4148, ¶ 7, quoting *Munday v. Village of Lincoln Hts.*, 1st Dist. No. C-120431, 2013-Ohio-3095, ¶ 28 (stating that although "the pleading standards under Civ.R. 8(A) may be 'minimal,' 'they are not meaningless' "); *Clemens v. Katz*, 6th Dist. No. L-08-1274, 2009-Ohio-1461, ¶ 10.

**{¶ 43}** Finally, respondent argues that even if it was subject to the provisions of the Public Records Act, there is no duty arising under the act to correct records. The Public Records Act provides as follows:

> Upon request by any person and subject to division (B)(8) of this section, all public records responsive to the request shall be promptly prepared and made available for inspection to the requester at all reasonable times during regular business hours. Subject to division (B)(8) of this section, upon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time.

R.C. 149.43(B)(1). Thus, the Public Records Act provides a right to inspect or receive copies of public records upon request. *See State ex rel. Ware v. Wine*, ___ Ohio St.3d ___, 2022-Ohio-4472, ¶ 7 (stating that the Public Records Act "requires a public office to make copies of public records available to any person upon request within a reasonable period of time"); *State ex rel. McDougald v. Sehlmeyer*, 162 Ohio St.3d 94, 2020-Ohio-3927, ¶ 14 (detailing the right of inspection under R.C. 149.43). Nowhere in the Public Records Act is there a duty to correct a record. Nor does relator allege another basis for such duty. Therefore, relator's claim for a writ of mandamus to order respondent to correct certain records is without merit.

## D. Conclusion

**{¶ 44}** Accordingly, it is the decision and recommendation of the magistrate that respondent's March 14, 2023 motion to dismiss pursuant to Civ.R. 12(B)(6) should be granted and the requested writ denied. Relator's April 4, 2023 "emergency motion to deploy Ohio Civil Rule 19 in joining Hakeem Sultaana as a party" in her memorandum in opposition to respondent's motion to dismiss is rendered moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.